IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VICTORIO S. RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21cv00529 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FORD MOTOR CO., | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendant. | ) | |

Plaintiff Victorio S. Rodriguez ("Rodriguez") filed this action against Defendant Ford Motor Company ("Ford") under the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code Ann. § 59.1-207.9, *et seq.* (Virginia's "Lemon Law"), and the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, alleging that Ford, by and through its dealership agent, Magic City Ford Lexington, LLC ("Magic City") sold him a defective 2019 F250 pickup truck. (*See* Complaint [ECF No. 1-1].) Rodriguez alleges that the truck's defects rendered it useless and without value, and that, despite the bumper-to-bumper warranty, Ford has failed to remedy the covered defects. (*Id.*)[1] Rodriguez has sued for return of the full $78,707.61 purchase price, along with other forms of money damages and attorneys' fees, and for rescission of the purchase contract.

This matter is now before the court on Rodriguez's motion for summary judgment. (ECF No. 14.) Rodriguez's motion relies exclusively on admissions resulting from Ford's

---

[1] The alleged current defects include the truck's automatic braking sensor system and rear camera system, on top of previously reported defects in the speed sensor and harness side connector systems, among others. (Compl. at 3–6 [ECF No. 1-1].)

failure to timely respond to his Requests for Admission ("RFAs"). (*See* Rodriguez's Mot. for Summ. Judg. ¶¶ 4–8.) According to Rodriguez, these admissions entitle him to summary judgment on his Lemon Law claim.[2] Ford argues in opposition that this case should be decided on its merits and that Rodriguez will suffer no prejudice if the court allows Ford to withdraw its admissions and deem its now-submitted RFA responses timely. (*See* Ford's Opp. to Rodriguez's Mot. for Summ. Judg. [ECF No. 19].) Rodriguez's motion has been fully briefed, and the court has dispensed with oral argument since it would not aid in its decision-making process. For the following reasons, the court will deny Rodriguez's motion and deem Ford's January 19, 2023 RFA responses timely.

## I.

On November 9, 2022, Rodriguez's counsel e-mailed Ford's, attaching the RFAs. (*See* RFAs [ECF No. 14-1]; Nov. 9, 2022 e-mail [ECF No. 14-2].) Ford did not respond to the RFAs within 30 days. *See* Fed. R. Civ. P. 36(a)(3). Rodriguez argues in his motion that, by operation of Rule 36, Ford has admitted all facts necessary to entitle him to summary judgment on his Lemon Law claim. *See id.* And it appears that, if the RFAs are all deemed admitted, Rodriguez is correct. His RFAs are wide-ranging, all-encompassing, and trace the Lemon Law's language to request admissions satisfying its essential statutory elements. (*See* RFAs [ECF No. 14-1].)

---

[2] Despite asserting otherwise (*see* Compl. ¶ 9), Rodriguez has only moved for summary judgment on Count I under Virginia's Lemon Law. By failing to substantively engage in any analysis whatever explaining how Ford's purported admissions entitle him to summary judgment under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, he has not as a matter of law moved for summary judgment on Count II.

On January 17, 2023, Ford filed its opposition to Rodriguez's summary judgment motion, concomitantly requesting to withdraw its admissions. (ECF No. 19.) It explained that, when Rodriguez filed his motion, Ford realized its national counsel had made a calendaring error that resulted in the oversight. (*See* Ford's Opp. at 2.) Attached to its opposition, Ford included its RFA responses, in which it denies Rodriguez's essential factual assertions (*see* RFA Responses [ECF No. 19-1]), and requested that its RFA responses replace its withdrawn admissions.

## II.

### A. Summary Judgment Standard

The court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. *Celotex*, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B. Virginia's Lemon Law

Virginia's Lemon Law is intended to protect consumers of motor vehicles by requiring manufacturers or their agents to resolve good-faith vehicle warranty complaints promptly. In the event the vehicle is not brought into conformity with the manufacturer's warranty, it requires manufacturers to provide the consumer with a replacement vehicle or a full refund. *See* Va. Code Ann. § 59.1-207.10. The Lemon Law's plain text codifies this intent:

> If the manufacturer, its agents or authorized dealers do not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition, including those that do not affect the driveability of the vehicle, which significantly impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts during the lemon law rights period, the manufacturer shall [comply with the remedies provided for in the statute].

*Id.* § 59.1-207.13(A). The statute provides three scenarios under which it is presumed that the manufacturer or its agent have been given a "reasonable number of attempts" to bring the vehicle into conformity with its warranty and that the vehicle is "significantly impaired":

> 1. The same nonconformity has been subject to repair three or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist;
>
> 2. The nonconformity is a serious safety defect and has been subject to repair one or more times by the manufacturer, its agent or its authorized dealer and the same nonconformity continues to exist; or
>
> 3. The motor vehicle is out of service due to repair for a cumulative total of 30 calendar days, unless such repairs could not be performed because of conditions beyond the control of the manufacturer, its agents or authorized dealers, including war, invasion, strike, fire, flood or other natural disasters.

*Id.* § 59.1-207.13(B). It also defines the consumer's notification obligations. *See id.* § 59.1-207.13(E).

Broadly speaking, these are the essential elements of Rodriguez's Lemon Law claim, and Rodriguez's RFAs would have Ford admit all of them.

### C. Requests for Admission Standard

Under Federal Rule of Civil Procedure 36(a)(3),

> [a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the

- 4 -

> requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

RFAs are intended to narrow the range of disputed facts for trial. *Adventis, Inc. v. Big Lots Stores, Inc.*, No. 7:02CV00611, 2006 WL 2631760, at *2 (W.D. Va. Sept. 11, 2006) (citing *Branch Banking & Trust Co. v. Deutz–Allis Corp.*, 120 F.R.D. 655, 658 (E.D.N.C. 1988)). "Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment." *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 173 (4th Cir. 2005) (internal citation omitted). But this court has discretion as to "what scope and effect is to be accorded party admissions under Rule 36." *Adventis*, 124 F. App'x at 172 (internal citation omitted). There is no absolute right to withdraw admissions and withdrawal is at the discretion of the court. *In re Fisherman's Wharf Fillet, Inc.*, 83 F. Supp. 2d 651, 661 (E.D. Va. 1999). Rule 36(b) provides for withdrawal or amendment of admissions:

> A matter admitted under this rule is conclusively established *unless the court, on motion, permits the admission to be withdrawn or amended*. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b) (emphasis added). "[T]he decision to allow a party to withdraw its admissions is quintessentially an equitable one, balancing the rights to a full trial on the merits, including the presentation of all relevant evidence, with the necessity of justified reliance by parties on pre-trial procedures and finality as to issues deemed no longer in dispute." *McClanahan v. Aetna Life Ins. Co.*, 144 F.R.D. 316, 320 (W.D. Va. 1992) (citing *Branch Banking*, 120 F.R.D. at 658).

In determining whether to allow Ford to withdraw its late RFA responses and replace them with its January 17, 2023 responses, the court must decide (1) whether it would promote the prosecution of the merits of the action and (2) whether it would prejudice Rodriguez in maintaining his Lemon Law claim on its merits. *See* Fed. R. Civ. P. 36(b).

### III.

#### A. Presentation on the Merits

The first Rule 36(b) factor—presentation of the merits—weighs strongly in favor of allowing Ford to withdraw its RFA admissions. This factor has the court consider whether the proposed amendments "will facilitate the development of the case in reaching the truth, as in those cases where a party's admissions are inadvertently made." *Precision Franchising, LLC v. Gatej*, No. 1:12CV158, 2012 WL 6161223, at *6 (E.D. Va. Dec. 11, 2012) (cleaned up) (quoting *McClanahan*, 144 F.R.D. at 320); *see also Adventis*, 2006 WL 2631760, at *2 (reviewing cases). Courts have found that this prong is met when, as here, upholding the admissions would foreclose its presentation on the merits and effectively end the case. *Id.* (collecting cases).

Ultimately, the court agrees with Ford that "allowing these admissions . . . to stand ends the case based on a mere calendaring mistake." (Ford's Opp. at 3.) Ford readily concedes that it missed its deadline to respond, but there is no evidence that it acted in bad faith in doing so or that its failure is attributable to anything other than an inadvertent administrative error. Moreover, Ford has consistently denied the central allegations that Rodriguez seeks admitted by his RFAs. It first denied them in its Answer (ECF No. 2). It then doubled down on its denials in its November 22, 2022 responses to Rodriguez's Interrogatories (*see* ECF No. 19-

2),³ which were received prior to Rodriguez's making this motion. The issues covered in the RFA cut to the heart of the case, covering essentially every element necessary for Rodriguez to satisfy his Lemon Law claim, and they are clearly in dispute.

Ford has met its burden of showing that the interest in deciding this case on its merits will be promoted by deeming timely its January 17, 2023 RFA responses.

### B. Prejudice

The second Rule 36(b) factor—whether admission withdrawal and RFA amendment will prejudice Rodriguez in maintaining his Lemon Law claim—also cuts in favor of allowing withdrawal and amendment. In analyzing this factor, courts consider "the difficulty the party opposing the motion to withdraw will face as a result of the sudden need to obtain evidence to prove the matter it had previously relied upon as answered." *Precision Franchising,* 2012 WL 6161223, at *7 (citing *J & J Sports Productions, Inc. v. Mumford,* No. 10CV2967, 2012 WL 1409588, at *4 (D. Md. Apr. 20, 2012)). The prejudice to a party rises the longer and more the party has relied on the admissions. *See In re Fisherman's Wharf Fillet, Inc.,* 83 F. Supp. 2d 651,

---

³ Although the Interrogatories do not precisely mirror the RFAs, just one excerpt of Ford's Interrogatory responses illustrates the disputed nature of the facts central to Rodriguez's Lemon Law claim:

> Ford believes that the concerns were successfully repaired. Based on information presently available, Ford is unaware of any objective evidence that Plaintiff's concerns have ever substantially affected the use, value, or safety of the subject vehicle. Ford is informed and believes that all of Plaintiff's verifiable concerns were timely and competently resolved. Ford believes the vehicle had been repaired within a reasonable number of repair attempts.

(Ford's Interrog. Response No. 8 [ECF No. 19-2].)

661 (E.D. Va. 1999). Rodriguez has not demonstrated how he would be prejudiced by Ford's admission withdrawal and RFA amendment.

Rodriguez's reliance on deemed admissions in preparing the instant motion is not, by itself, sufficient to constitute the requisite prejudice under Rule 36(b). *See Precision Franchising*, 2012 WL 6161223, at *5, 7. Nor is the fact that Rodriguez will now have to prove the contested facts to the trier of fact. *See Adventis*, 2006 WL 2631760, at *5 (citing *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147 (6th Cir. 1997)). And Rodriguez cannot show any discernible reliance on Ford's admissions because Ford has vigorously denied the central allegations throughout the course of the litigation. (*See* Def.'s Answer, *passim*; Def.'s Resp. to Interrogs., *passim*.) In other words, it should be of no surprise to Rodriguez that Ford denies these essential facts. There will not be, therefore, any resulting "sudden need to obtain evidence" Rodriguez did not already know he needed. Indeed, Rodriguez has noticed John Shimp as an expert in this case to offer an opinion regarding the truck's alleged mechanical defects under the Lemon Law. (*See* ECF No. 12.)[4]

Finally, Rodriguez has adequate time to formulate or adjust his trial strategy based on the responses, *i.e.*, prepare to prove the essential elements of his Lemon Law claim. *See Adventis*, 2006 WL 2631760, at *4 ("Because this admission is being made several months before trial, and not during trial, the court does not find that the late stage in the litigation reaches the level of prejudice that would prevent the court from exercising its discretion to allow the amendments."). Ford's amended RFA responses were submitted in conjunction with its motion to amend on January 19, 2023. (ECF No. 19-1.) Trial is scheduled for March 23–24,

---

[4] Ford has moved to exclude Rodriguez's expert (*see* ECF No. 12), and that issue will be decided separately.

2023. (*See* ECF No. 11.) Rodriguez has ample time to prepare for trial, and this decision will not change that.

On balance, the court is not persuaded that Rodriguez will suffer any prejudice from allowing Ford to amend its RFA admissions, certainly not enough to outweigh the strong interest in resolving this dispute on its merits. Accordingly, the court will grant Ford's motion to withdraw its RFA admissions and amend its RFA responses with those filed on the docket at ECF No. 19-1.

## IV.

Stripping away the facts Rodriguez seeks to be deemed admitted by his RFAs, there are genuine material issues of fact under his Lemon Law claim. Ford denies Rodriguez's allegation that the vehicle was out of service for repairs for 117 days (Ford's RFA Response No. 17); denies that the alleged automatic braking system ("ABS") and rear camera defect significantly impaired the truck's use (*id.* Nos. 21, 22) or Rodriguez's ability to control or operate the truck (*id.* Nos. 23, 24); denies that the alleged ABS and rear camera defects are serious safety defects and have been subject to repair one or more times, and that the alleged non-conformities continue to exist (*id.* Nos. 25, 26); and denies that it received notice of the issues as required by the Lemon Law (*id.* No. 27). These are dispositive facts under the Lemon Law, making a genuine dispute over them a material one. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Because Rodriguez must prove some or all of them to prevail, because they remain disputed, and because Rodriguez has relied solely on his RFAs in making his summary judgment motion, the court will deny Rodriguez's motion for summary judgment.

## V.

For these reasons, the court will deny Rodriguez's summary judgment motion and grant Ford's request for it to withdraw its admissions and deem its January 17, 2023 Request for Admission responses timely.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 31st day of January, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE