IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VICTORIO S. RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21cv00529 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FORD MOTOR CO., | ) | By:   Hon. Thomas T. Cullen |
| | ) |            United States District Judge |
| Defendant. | ) | |

Plaintiff Victorio S. Rodriguez ("Rodriguez") filed this action against Defendant Ford Motor Company ("Ford") under the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code Ann. § 59.1-207.9, *et seq.* (Virginia's "Lemon Law"), and the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, alleging that Ford, by and through its dealership agent, Magic City Ford Lexington, LLC ("Magic City") sold him a defective 2019 F250 pickup truck. (*See* Complaint [ECF No. 1-1].) Rodriguez alleges that the truck's defects rendered it useless and without value, and that, despite the bumper-to-bumper warranty, Ford has failed to remedy the covered defects. (*Id.*) Rodriguez has sued for return of the $78,707.61 purchase price along with other forms of money damages and attorneys' fees, and for rescission of the purchase contract.

Before the court is Ford's motion to exclude Rodriguez's proposed expert witness, John Shimp ("Shimp"), as to both his proposed expert opinion letter and his testimony at trial. (Mot. to Excl. [ECF No. 12]; Memo. of Law in Supp. [ECF No. 13].[1]) Ford argues that

---

[1] Ford's motion (ECF No. 12) and Memorandum in Support (ECF No. 13) were filed on January 3, 2023. On January 4, 2023, Ford filed an Amended Memorandum in Support (ECF No 15). The only difference that the

Rodriguez's expert disclosure was untimely under the court's Scheduling Order and that, under Federal Rule of Civil Procedure 37, exclusion is the appropriate sanction. (*See* Memo. of Law in Supp. at 2–3.) Ford's motion has been fully briefed and the court has dispensed with oral argument since it would not aid in its decision-making process. For the following reasons, the court will deny Ford's motion and allow Shimp's testimony.

### I.

**A. Rodriguez's Expert Disclosure Was Untimely**

Absent a court order or stipulation, expert testimony disclosures must be made at least 90 days prior to trial. Fed R. Civ. P. 26(a)(2)(D)(i). Here, the controlling expert disclosure deadlines are contained in the court's February 7, 2022 Scheduling Order, under which Rodriguez's expert disclosure deadline was April 28, 2022 (80 days from February 7, 2022). (*See* Scheduling Order at I [ECF No. 8].) Trial was initially scheduled for December 5–6, 2022 but, on July 25, 2022, the court rescheduled it to March 23–24, 2023. (*See id.*; Rescheduling Notice, July 25, 2022 [ECF No. 11].) But the Scheduling Order's expert disclosure deadlines were never modified, and Rodriguez did not request an amendment or extension of the previously set deadline.

Rodriguez argues that his December 23, 2022 expert disclosure (*see* ECF No. 12-1) was timely because the parties stipulated under Rule 26 to push his disclosure deadline back to December 23, 2022. (*See* Memo. in Opp. at 1 [ECF No. 20].) His argument fails for two

---

court recognizes between the Memorandum in Support (ECF No. 13) and the Amended Memorandum in Support (ECF No. 15) is that the latter has attached to it as an exhibit Rodriguez's expert disclosure for Mr. Shimp. (*See* ECF No. 15-1.) But Ford submitted this Supplemental Expert Disclosure with its motion on January 3, 2023, just attached to its motion, instead of its brief. (*See* ECF No. 12-1.) The court accepts these documents and exhibits as originally filed on January 3, 2023, and cites to them herein accordingly.

reasons. First, at the time of these e-mails, Rodriguez's expert disclosure was *already late* by nearly three months. (*See* Counsels' e-mails, July 21 and 25, 2022 [ECF No. 20-1].)

Second, the e-mail communication Rodriguez asserts amended his disclosure deadline says no such thing. (*Id.*) The parties' e-mail stipulation was that "the deadlines now all run from the new trial date." (*Id.*) In the Scheduling Order, certain deadlines run backward from the trial date, including completing discovery, which necessarily includes depositions. (*See* Scheduling Order at I.) Other deadlines run forward from the Scheduling Order's issuance date, including expert disclosure deadlines. (*Id.* ("Plaintiff Initial Expert Disclosures: "80 days from this order").) Rodriguez's counsel's email, agreed to by Ford's, referred to only those deadlines pegged *to the trial date* and made no mention of those running from the Scheduling Order's issuance date. (*Id.*) Reinforcing this, Rodriguez's e-mail expressly referred to scheduling *depositions*, and never mentioned experts or expert-disclosure dates at all. In sum, the parties' e-mail stipulation had no effect on the expert disclosure deadlines contained in the Scheduling Order.

Alternatively, Rodriguez argues that Rule 26's "at least 90 days before the date set for trial" disclosure deadline is applicable, rendering his disclosure timely. He is wrong.

> It is undisputed that the plaintiffs' disclosures were untimely under the court's original scheduling order, which required disclosures to be made 151 days before trial. The plaintiffs nevertheless argue that their disclosures were timely under Rule 26, which requires disclosures at least ninety days before trial, and that the court abused its discretion in excluding their experts because the potential harms to the defendants were limited given the 188-day delay of the trial. But Rule 26 provides the controlling deadline only in the absence of a scheduling order issued by the trial court. See Fed. R. Civ. P. 26(a)(2)(D) (providing deadlines that apply "[a]bsent a stipulation or a court order"). **When, as in this case, the court has entered a scheduling order, the**

> ***court's deadlines control. The fact that the disclosures complied with the general default deadlines embodied in the Federal Rule is therefore irrelevant because the disclosures did not comply with the trial court's unambiguous deadlines.***

*Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2018) (emphasis added).

Under the Scheduling Order's plain terms, Rodriguez's expert disclosure was untimely.

### B. Rodriguez's Untimely Expert Disclosure was Not Substantially Justified but was Nevertheless Harmless

The testimony of an expert witness who is not timely noticed as such is subject to exclusion at trial "unless the failure [to notice the witness] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether Rodriguez's late disclosure was substantially justified or harmless, the court considers five factors from *Southern States Rack & Fixture v. Sherwin-Williams*: (1) the surprise to Ford; (2) Ford's ability to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) Rodriguez's explanation for his failure to timely disclose Shimp and his report. 318 F.3d 592, 597 (4th Cir. 2003); *see also Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992) (noting that "the focus of a preclusion inquiry is mainly upon surprise and prejudice, including the opponent's ability to palliate the ill effects stemming from the late disclosure.") The first four factors pertain to whether the late disclosure was harmless and the fifth pertains to whether it was substantially justified. *Southern States*, 318 F.3d at 596. The untimely-disclosing party bears the burden of showing its late disclosure was substantially justified *or* harmless. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017); *Benjamin v. Sparks*, 986 F.3d 332, 343 (4th Cir. 2021). "This court has broad discretion in determining whether a party's untimely disclosure is substantially justified or harmless." *Doe by Watson v.*

- 4 -

*Russell Cnty. Sch. Bd.*, No. 1:16CV00045, 2018 WL 1128388, at *3 (W.D. Va. Mar. 1, 2018) (quoting *Bresler*, 855 F.3d at 190).

1. Substantial Justification

As explained above, consistent with Rule 26, the court's Scheduling Order provided the expert disclosure deadlines in this case. Rodriguez never asked the court to modify the Scheduling Order, and the purported stipulation e-mails (1) were exchanged after Rodriguez's expert disclosure deadline had already passed and (2) had no effect on his expert disclosure deadlines. Rodriguez's late disclosure was not substantially justified.[2]

2. Harmlessness

The court finds that *Southern States*'s four *harmlessness* factors weigh in favor of allowing Rodriguez's late expert disclosure.

First, Ford may have been surprised by Rodriguez's expert disclosure given that it was eight months late, but Ford cannot genuinely be surprised by Rodriguez's need for an expert witness in the area of mechanical truck defects. Indeed, Rodriguez's claims turn on whether the F250 suffers from the alleged mechanical defects, their extent and effect on the truck, and whether repairs were satisfactorily made. (*See* Complaint, *passim*; Lemon Law, *passim*.) These questions turn on the operation of various systems in the truck and, without an expert to explain these technical details, Rodriguez's ability to present his case will be substantially

---

[2] The court notes that, under the Scheduling Order, the dates pegged to the trial date automatically moved forward with the trial date; nevertheless, it was good practice for Rodriguez's counsel to confirm the parties' understanding regarding it. Still, no modification to the Scheduling Order was made by his confirmatory query as to those trial-date-pegged deadlines. Had he intended to modify the expert disclosure deadlines, he could have and should have said so. Rodriguez bears the burden to excuse his months-late disclosure, and his vague-at-best e-mail does not satisfy his burden.

impaired. In other words, Ford should have always known—from the time Rodriguez filed his complaint and by virtue of the allegations' nature—that Rodriguez needed an expert witness to prove his claims.

Second, Ford will have ample time between the date of this order and trial to prepare its trial strategy regarding Shimp's testimony. With trial over a month-and-a-half away, Ford has time to depose Shimp, and Ford's expert, if any, can file a rebuttal disclosure accordingly. Ford will also be free to cross-examine Shimp at trial on the contents of his testimony.

Third, there is no indication that Shimp's testimony would disrupt the trial. To the contrary (and fourth), as previously explained, Shimp's testimony would provide very important evidence for the jury's consideration. The ultimate resolution of this case turns on whether the truck was a "lemon." The jury will certainly be aided by expert testimony related to the condition of the vehicle, particularly since the Lemon Law sets out specific standards that Rodriguez must prove to prevail on his claim.

On balance, the court finds that the importance of this evidence outweighs any minimal resulting surprise to Ford. Because the *Southern States* factors weigh against exclusion of Shimp's important testimony, the court will deny Ford's motion to exclude.

## II.

For these reasons, the court will deny Ford's motion to exclude Rodriguez's proposed expert, John Shimp. The court will also direct that Ford may depose Mr. Shimp no later than 30 days from the date of the accompanying Order, and may supplement its expert disclosure(s) or file rebuttal expert disclosures under the Federal Rules of Civil Procedure using the date of this Order as the effective date of Rodriguez's expert disclosure.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 31st day of January, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE